```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


UNITED STATES OF AMERICA,       )
                                )
       Plaintiff,               )
                                )
vs.                             )   No. 2:00-CR-171
                                )
DANTE PALM,                     )
                                )
       Defendant.               )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, filed by Defendant, Dante Palm, on July 17, 2008. For the reasons set forth below, Defendant's request for a sentencing modification (DE #661)is **DENIED.**

BACKGROUND

On February 20, 2003, this Court accepted Palm's plea agreement, and he was adjudged guilty of Count 1, conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana. That same day, Defendant was sentenced to a 188 month term of imprisonment. Defendant filed a letter on February 14, 2008, stating his belief that he was entitled to a sentence modification pursuant to 18 U.S.C. section 3582(c) in light of the November 1, 2007, United States Sentencing Guidelines, U.S.S.G.

§2D1.1(c) "crack" amendment as applied retroactively by U.S.S.G. ¶1B1.10.

Upon receiving the instant request, this Court appointed counsel to represent Defendant in an attempt to effectively and efficiently resolve this issue. On July 17, 2008, Defendant's counsel filed the instant motion, arguing that Palm's sentence should be reduced. On July 28, 2008, the Government filed a response in opposition to the requested lower sentence.

At the time of his sentencing, Defendant's base offense level was 38 and his criminal history category was IV. The original sentencing guideline range was 292 to 365 months, and the Court sentenced Defendant to 188 months after granting a motion for downward departure for the Government.

DISCUSSION

When the Court originally sentenced Defendant in 2003, the Sentencing Guidelines set distribution of 1.5 kilograms of crack cocaine as the threshold for the maximum base offense level of 38. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(1) (2003). As the result of Amendment 706 to the Sentencing Guidelines, a quantity of 4.5 kilograms of crack is now the threshold for the maximum base offense level of 38. U.S.S.G. §

2D1.1(c)(1)(2007).[1]

The Government argues that Amendment 706 has no retroactive impact in this case because, even as amended, § 2D1.1(c)(1) still results in Palm being assigned the maximum base offense level of 38. This is because the quantity of crack cocaine attributed to Palm at the time he was sentenced exceeded 4.5 kilograms. The presentence investigation report ("PSR") prepared for Palm's sentencing found that Palm was responsible for 21.36 kilograms of crack. (PSR ¶¶ 12, 13.) Defendant concedes that he did not object to the 21.36 kilograms of crack cocaine attributed to him, and during his sentencing, the Court made the following finding: "[t]here being no objections to the factual statements contained in the presentence investigation report, the court adopts those statements as its findings of fact." (Feb. 20, 2003 Sentencing Tr., p. 6.)

Although Palm concedes that he "would not qualify for a reduction if, in fact, a determination was made that he dealt 4.5 kilograms or greater" (Def.'s Mot. ¶ 4), Defendant presents several arguments as to why he should not be held responsible for 21.36 kilograms of crack. First, he argues that at the time of his sentencing, there was no reason to object to the amount because any

---

[1] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

3

number over 1.5 kilograms triggered the maximum base offense level of 38.  (Def.'s Mot., ¶ 6.)  However, this same argument was recently addressed and rejected by the Hon. Judge James T. Moody:

> Regardless of [defendant's] lack of incentive to contest the quantity issue at the time he was sentenced, a chance to "take back" a fact that [defendant] has already admitted is unwarranted. The fact remains that, based on a written statement [defendant] signed outlining his drug-dealing activities, the probation officer calculated that he was responsible for at least 59.93 kilograms of crack cocaine, and the court adopted that quantity as its factual finding.  There is simply no reason to revisit now the factual findings that have already been made in this case.  U.S.S.G. § 1B1.10(a)(3) states that "consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

*United States v. Eddie Nalls*, slip op., 2:00-cr-105 (July 2, 2008). This Court agrees that there is no reason to revisit the factual findings previously made in this case.  Defendant implies that the Court did not actually find that Palm was responsible for 21.36 kilograms of crack because it did not "specifically reference 21. 36 kilograms of crack cocaine."  (Def.'s Mot., ¶ 6.)  However, this quantity was reported in the PSR, and this Court adopted all the statements of fact in the PSR as the Court's findings of fact. (Feb. 20, 2003 Sent. Tr., p. 6.)  Palm also faults the information contained in the PSR, claiming it may have been improperly obtained from him during plea negotiations, and contending that some of the information does not contain a source.  According to the PSR, the information was provided by Eddie Nalls, a cooperating defendant.

4

(PSR, ¶¶ 11-13.)  If Palm wished to contest the accuracy of the information or source, he should have objected at the time of the PSR.  No such objection was made.  (PSR, pp. 14-17.)

As provided by the Government, there is ample case law to support the premise that if the court previously made a finding of more than 4.5 kilograms of crack, or the court adopted findings of the PSR which included that fact, or the defendant admitted this fact in a change of plea hearing, the court in the section 3582(c) proceeding may rely on the higher quantity and reaffirm the application of offense level 38.  *See, e.g., United States v. Woodson*, No. 08-2022, slip op. at 1, 2008 WL 2369636 (8th Cir. June 12, 2008) (ruling where sentence was based on finding that defendant's relevant conduct involved more than 4.5 kilograms of crack, defendant's "offense level would not change, his guideline range would not be lowered, and his original sentence is unaffected by the amendments"); *United States v. Hubbard*, No. 6:92-cr-35-ORL-19DAB, 2008 WL 977344, at *2 (M.D. Fla. Apr. 9, 2008) (denying motion for reduction in sentence where offense involved more than 4.5 kilograms of crack); *United States v. Degeorge*, No. 4:01-cr59-SPM, 2008 WL 2359903 (N.D. Fla. June 5, 2008) (denying motion to reduce sentence); *United States v. King*, No. CR01-2003-LLR, 2008 WL 2036894, at *1 (N.D. Iowa May 8, 2008) (finding "the court is unable to rely on Amendment 706 to reduce the defendant's sentence . . . [b]ecause the sentence was based on a quantity of crack that

exceeded 4.5 kilograms."); *United States v. Quary*, No. 95-40083-08-SAC, 2008 WL 1766951, at *2 (D. Kan. Apr. 15, 2008) (denying motion to reduce sentence because application of Amendment 706 did not lower defendant's applicable guideline range due to drug amount); *United States v. Milton*, No. 8:96CR46, slip op., 2008 WL 961853 (D. Neb. Apr. 9, 2008); *United States v. Grant*, No. 02-cr-022-02-JD, slip op., 2008 WL 906409 (D.N.H. Apr. 3, 2008) (denying reduction in base offense because the offense involved more than 4.5 kilograms of cocaine base); *United States v. Herrera*, No. CR-92-209-D, 2008 WL 410074 (W.D. Okla. Feb. 12, 2008); *United States v. Wright*, No. 93-386-5, 2008 WL 2265272 (E.D. Pa. June 3, 2008); *United States v. Stevens*, No. 7:90-cr-00310, slip op., 2008 WL 2330225 (D.S.C. June 3, 2008) (denying motion to reduce sentence where amended guidelines range was the same because the amount of crack involved); *United States v. Crenshaw*, No. 3:96CR000047, slip op., 2008 WL 2227564 (W.D. Va. May 29, 2008) (holding "[b]ecause the recommended guideline range has not changed [due to the drug quantity], this court lacks the authority to reduce the defendant's sentence.").

Courts also agree that, as in this case, where application of the amendment in question does not result in a different sentencing range, the sentence may not be reduced.[2]  *See, e.g., United States*

---

[2] Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently

*v. McFadden*, 523 F.3d 839, 840-41 (8th Cir. 2008) (rejecting motion to reduce under crack amendment); *United States v. Bruce*, No. 3:94cr00061-gmw-1, slip op., 2008 WL 678643, at *1 (W.D. Va. Mar. 11, 2008) (ruling the offense level should not be reduced because the amount exceeded 4.5 kilograms).  Because this Court found that the offense committed by Palm involved more than 4.5 kilograms, there is no basis for a reduction of sentence in this case.  Palm would have received a base offense level of 38 even under the amended guidelines.  Therefore, Defendant does not benefit from the amendment.  Had this Court calculated Defendant's base offense level using the November 1, 2007 U.S.S.G. §2D1.1(c) crack amendment, this Court still would have imposed a term of imprisonment of 188 months.

CONCLUSION

For the reasons set forth above, the Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, filed by Defendant, Dante Palm, on July 17, 2008, is **DENIED**.

**DATED: August 5, 2008**                    **/s/ RUDY LOZANO, Judge**
                                             **United States District Court**

---

been lowered by the Sentencing Commission."  18 U.S.C. § 3582.
However, U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction
in the defendant's term of imprisonment is not consistent with
this policy statement and therefore is not authorized under 18
U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection
(c) does not have the effect of lowering the defendant's
applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

7